[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14944

_____

D. C. Docket No. 03-00754 CV-J-TEM

ROY HOWARD SMITH, JR.,

Plaintiff-Appellant,

versus

HCA, INC., a Tennessee corporation
d.b.a. Memorial Hospital Jacksonville,
MEMORIAL HEALTHCARE GROUP, INC., a
Florida Corporation d.b.a. Memorial Hospital Jacksonville,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 6, 2006)**

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

Roy Howard Smith ("Smith") appeals the district court's grant of summary

judgment in favor of HCA, Inc. ("HCA") on the basis that it was not a proper

defendant in the case, as well as the district court's grant of summary judgment in favor of Memorial Healthcare Group ("Memorial") on Smith's claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140, and the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101. Smith also challenges the court's jury instructions on his claim under the Florida Whistleblower Act, § 448.101 Florida Statutes, and the court's refusal on hearsay grounds to admit an investigative report.

After reviewing the relevant facts and the law, we find no reversible error. First, it was not error for the district court to dismiss at the summary judgment stage all of Smith's claims against HCA. Smith offered no evidence beyond his own bare assertions that HCA exercised any control over Memorial's personnel decisions, and HCA therefore cannot be held liable for those decisions. *See Bristol v. Bd. of County Com'rs*, 312 F.3d 1213, 1218 (10th Cir. 2002).

As to Smith's challenge to the district court's failure to give his requested jury instructions, the judge offered Smith's counsel an opportunity to object to the instructions in their final form before giving them to the jury. *See* Fed. R. Civ. Pro. 51(b). Smith did not object. Thus, this alleged error is not preserved for review on appeal. *See* Fed. R. Civ. Pro. 51(c).

2

Smith's challenge to the judge's exclusion of the investigative report also fails. Smith never authenticated the report for admission, and the report was not a certified copy of a public record exempt under Federal Rule of Evidence 902(4) from the authentication requirements of Federal Rule Of Evidence 901(a). Thus, it was properly excluded.

Finally, Smith appeals the district court's grant of summary judgment in favor of Memorial on his claims of retaliation under ERISA and discrimination under the ADA. Both of these claims stem from the reorganization of his duties, eliminating his managerial responsibilities for Memorial's child care facility and enlarging his responsibilities over Memorial's cardiac catheterization facility and its physical rehabilitation facility. Smith offered no direct evidence of discriminatory intent. Moreover, even assuming that Smith put forth sufficient circumstantial evidence to make out a prima facie case of retaliation under ERISA and discrimination under the ADA, the district court did not err in granting Memorial's motion for summary judgment. Memorial advanced a legitimate, non-discriminatory reason for its actions in restructuring Smith's duties–that it wanted Smith to oversee the expansion of Memorial's cardiac unit–and Smith offered no evidence that this reason was pretextual. *See, e.g.*, *Cooper v. Southern Co.*, 390 F.3d 695, 725 (11th Cir. 2004).

We therefore affirm the district court's grant of summary judgment to Memorial and HCA.

**AFFIRMED.**